UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   Case:  16-1324(FB)(VMS)

DONALD GILES

                       Plaintiffs,   **<u>AMENDED COMPLAINT</u>**

        -against-   PLAINTIFF'S DEMAND
                                                TRIAL BY JURY

THE CITY OF NEW YORK,
ESSENCE JACKSON,
FRANCIS COLLADO &
UC 0127

                       Defendants.
----------------------------------------------------------X

       Plaintiffs DONALD GILES, by and through their attorney, Paul Hale, Esq. 26 Court St. Ste 913 Brooklyn, NY 11242, complaining of the Defendants, ESSENCE JACKSON, FRANCIS COLLADO, UC 0127 and The City of New York, collectively referred to as the Defendants, upon information and belief allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiffs by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983.  Jurisdiction supporting Plaintiffs' claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental

jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiffs' claims under applicable State and City laws.

4.  As the deprivation of rights complained of herein occurred within the county of Kings in the State of New York.

## NATURE OF THE ACTION

5.  This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6.  This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## PARTIES

7.  DONALD GILES is a citizen of the United States, resides in New York, and is a resident of the State of New York.

8.  At all times relevant to this action, Defendant Police Officer ESSENCE JACKSON was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

9.  At all times relevant to this action, Defendant Police Officer FRANCIS COLLADO was a

police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

10. At all times relevant to this action, Defendant Police Officer UC 0127 was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

11. At all times relevant to this action, Defendants Police Officers are and were officers of the City of New York Police Department and acting under color of state law.  Said officers are being sued in both their individual and official capacities.

12. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendants Police Officers.

13. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described above.

## FACTUAL BACKGROUND

14. On or about 1/31/2014 Plaintiff was walking on 21st St. between Mermaid and Surf Avenues in Brooklyn, NY.

15. At the above time and place Plaintiff was arrested by police officers ESSENCE JACKSON, FRANCIS COLLADO & UC 0127.  The police officers claimed Plaintiff had "sold drugs."

16. Plaintiff had done nothing of the sort nor illegal in any way and was merely walking to the corner to pick up dry cleaning for his job.

17. Upon information and belief, the arrest was based on UC 0127's description of prior events. UC 0127 told ESSENCE JACKSON & FRANCIS COLLADO that Plaintiff had sold drugs two days prior.   UC 0127 also describe the person he observed in the prior drug transaction

as being a "Male Hispanic, approximately 5'8 tall, 150 lbs." ( EXHIBIT 1, DEF 11)

18. Plaintiff is in fact a dark skinned African American male who is 5'11 and 170 lbs.

19. In fact, Defendants' own arrest paperwork describe Plaintiff as "Black" and 5'10", 200 lbs.

   (EXHIBIT 2, DEF 1-3)

20. After the arrest Plaintiff was then taken to the 60th Precinct where he was strip-searched.

21. Plaintiff was held for approximately 17 hours before released on his own recognizance after

   seeing a Judge at Kings County Criminal Court.

22. After almost a full year of prosecution the case was dismissed on 11/6/2014 by an

   Adjournment Contemplating Dismissal.

23. At no time did Plaintiffs commit any offense against the laws of New York City and or State

   for which an arrest may be lawfully made.

24. The unlawful arrest of Plaintiff, Plaintiff's wrongful imprisonment because of Defendants'

   knowledge of a lack of any legitimate cause or justification, were intentional, malicious,

   reckless and in bad faith.

25. Even the most cursory review of the perpetrator's description and the Defendants' own

   description would make it obviously clear Plaintiff was not the person observed selling

   drugs.  Despite this, the Defendants' continued to prosecute Plaintiff for over a year.

26. As a direct and proximate result of Defendants' actions, Plaintiff was arrested and detained

   without just or probable cause.

27. As a direct and proximate result of Defendants' actions, Plaintiffs were deprived of rights,

   privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the

   United States Constitution and the laws of the City of New York and the State of New York.

28. Defendants City of New York, as a matter of policy and practice, has with deliberate

indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including Defendants in this case, to engage in unlawful conduct.

29. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

30. The actions of Defendants, acting under color of State law, deprived Plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

31. By these actions, Defendants have deprived Plaintiffs of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

### <u>AS A FIRST CAUSE OF ACTION</u>:

**42 U.S.C Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants**

32. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

33. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights

guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

34. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

35. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

36. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

        A.  An arrest not based upon probable cause;

        B.  Unwarranted and malicious criminal prosecution;

        C.  Deprivation of liberty without due process of law;

        D.  Excessive force imposed upon him;

        E.  Summary punishment imposed upon him;

        F.  Denied equal protection under the law; and

        G.  Denial of medical services.

37. As a direct and proximate result of the misconduct and abuse of authority detailed above,

Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### Failure To Intervene - Fourth Amendment - 42 U.S.C. S 1983

38. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

39. The officer defendants were present for the above-described incident and witnessed other defendants actions.

40. The officer defendants' use of force against plaintiffs was unjustified under the circumstances yet the officer defendants failed to take any action or make any effort to intervene, halt or protect plaintiffs from being subjected to their actions by other officer defendants.

41. Furthermore, even the most cursory review of the perpetrator's description and the Defendants' own description would make it obviously clear Plaintiff was not the person observed selling drugs. Despite this, the Defendants' continued to prosecute Plaintiff for over a year.

42. The officer defendants' violations of plaintiffs' constitutional rights by failing to intervene in other defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

## AS A THIRD CAUSE OF ACTION:
### Monell claim[1]

43. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

---

[1] *Monell v. City of New York Department of Social Services*, 436 U.S. 658

44. The officers involved have been involved in no less than eight other lawsuit in the Eastern District alone going back as far as 2012. (12-cv-05711, 15-cv-2784, 15-cv-3860, 14-cv-2936, 12-cv-6042, 14-cv-6943, 15-cv-2016, 15-cv-3860, and 12-cv-2840)

45. Upon information and belief the Defendant City of New York and their police department has been aware of the Defendants making false drug arrests for years and have done nothing to curtail the obvious violations of numerous citizens' constitutional rights.

46. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

## AS A FOURTH CAUSE OF ACTION:
### 42 U.S.C Section 1983–Retaliation in Violation of First Amendment against all Defendants

47. Plaintiff hereby restates all paragraphs above of this Complaint as if fully set forth here.

48. Plaintiff was engaging in constitutionally protected activity, including but not limited to his discussions and exchanges with the Defendants Police Officers for their objectionable conduct.

49. Plaintiff's speech was an inquiry related to objectionable police conduct, which is a matter of important public concern.

50. Motivated in whole or in part by Plaintiff's protected verbal opposition to their conduct and/or the substance or style of his communications with them, Defendants searched, seized, and forcibly arrested Plaintiffs.

51. Defendants Police Officers' adverse actions in retaliation for Plaintiffs' expressed intention

of exercising his first amendment rights and inquiring about objectionable police conduct caused Plaintiffs to suffer economic, physical and emotional injuries.

52. Defendants' actions, as described herein, were undertaken intentionally, willfully and wantonly.

53. Defendants Police Officers' conduct violated clearly established rights belonging Plaintiffs, of which reasonable law enforcement knew or should have known.

54. The acts or omissions of each of the Police Officer Defendants, including the unconstitutional policy, procedure, custom and/or practice described herein, were the legal and proximate cause of Plaintiffs' damages.

**WHEREFORE**, Plaintiffs respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988.

2. On the Second Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988.

3. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988.

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Defendants in an

amount to be determined at trial; and

5. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, NY
3/17/2016

By: _____/s/_____
Paul Hale, Esq.
26 Court St. Ste. 913
Brooklyn, NY 11242
(718) 554-7344